IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

PAMELA J. VADEN, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-09-114-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

## OPINION AND ORDER

Plaintiff Pamela J. Vaden (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 29, 1958 and was 49 years old at the time of the ALJ's decision. She completed her high school education. Claimant has engaged in past relevant work as a certified nurse's aide and a secretary. Claimant alleges an inability to work beginning July 15, 2006 due to depression, back,

hip, knee, leg, and foot pain, abdominal pain, and abnormalities of the lungs, liver, and pancreas.

## Procedural History

On January 29, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application for benefits was denied initially and upon reconsideration. On May 13, 2008, Claimant appeared at a hearing before ALJ Michael Kirkpatrick in McAlester, Oklahoma. By decision dated September 4, 2008, the ALJ found Claimant was not disabled at any time through the date of the decision. On January 22, 2009, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found Claimant retained the residual functional capacity ("RFC") to perform at all exertional levels with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error requiring reversal in (1) failing to perform a proper step five analysis; (2) failing to perform a proper evaluation at step three; and (3) failing to perform a proper credibility analysis.

**Step Five Evaluation**

Claimant contends the ALJ failed to discuss or include all of her documented impairments in his RFC evaluation. Specifically, Claimant states she suffers from a personality disorder separate and apart from the depression which the ALJ did find was a severe impairment. The ALJ did not discuss Claimant's personality disorder or include the condition in his hypothetical questioning of the vocational expert.

On March 1, 2007, Claimant underwent a consultative examination by Dr. Kathleen Ward. Dr. Ward diagnosed Claimant at Axis I: Depression, NOS; Axis II: Personality Disorder, NOS (provisional); Axis III: Defer. She noted some deficits in social judgment and problem solving in answering questioning. Dr. Ward also found that Claimant was "somewhat evasive at times and her overall demeanor was suggestive of some personality issues." (Tr. 261).

In his decision, the ALJ determined Claimant suffered from the

severe impairment of depression. He discounted Claimant's other claimed impairments of back pain, knee pain, pancreas problems, and liver problems, as not having objective evidence in the record of the existence of these impairments. (Tr. 14). The ALJ makes no mention of Claimant's diagnosed personality disorder. Defendant attempts to discount this deficiency by stating Dr. Ward's diagnosis of a personality disorder was provisional. Additionally, Defendant cites to the report of Dr. Bunard Pearce who completed a Psychiatric Review Technique form on Claimant. Dr. Pearce concluded Claimant had affective disorders with marked limitations in the ability to understand and remember detailed instructions, ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 263-78).

The problem with Defendant's rationale for not including the diagnosed personality disorder in the RFC analysis is that the ALJ did not include the same discussion in his decision. Defendant's post hoc justification for the ALJ's ignoring of Dr. Ward's diagnosis cannot now form the basis for the ALJ's omission. The ALJ must make the findings in his decision. Franz v. Astrue, 509 F.3d 1299, 1302 (10th Cir. 2007). Moreover, this Court does not perceive the inclusion of Dr. Pearce's findings on the PRT to be in contradiction of Dr. Ward's diagnosis as Defendant suggests. On

remand, the ALJ shall discuss Dr. Ward's finding of a personality disorder in his RFC analysis.

**Step Three Analysis**

Claimant also challenges the ALJ's ultimate findings as to the severity of her mental impairments. Since it has already been found that the ALJ should have considered Claimant's diagnosed personality disorder, the severity of her overall mental impairments should be re-examined by the ALJ on remand.

**Credibility Evaluation**

As a final issue, Claimant suggests the ALJ's credibility findings were flawed. The ALJ's discounting of Claimant's alleged limitations caused by her mental condition consists of (1) a lack of medical treatment for her condition; (2) a lack of medications for the condition; (3) the fact Claimant "seemed less than credible during her hearing testimony" and "appeared evasive at the consultative examination"; (4) testimony from friends which supports Claimant's allegations of limitations upon her daily activities caused by her mental condition constituted lay testimony and was not consistent with the medical record; and (5) Claimant chose not to take the anti-depressant medication that was prescribed for her.

It is well-established that "findings as to credibility should

be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at

391.

The ALJ complied with the mandates of the prevailing case authority in his credibility findings. This Court finds no error in the decision in this regard. On remand, however, he shall re-evaluate his credibility conclusions in light of the additional diagnosis of a personality disorder and modify his findings accordingly, if warranted.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 25th day of March, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE